651 A.2d 1139

**Robert L. MOYER, Administrator of the Estate of Michelle M. Moyer, Deceased**

**v.**

**Herbert C. RUBRIGHT, M.D., Mei–Pu Lin, M.D., Walter R. Bohnenblust, M.D., Frank C. Yartz, M.D., Latif Awad, M.D., Pottsville Hospital and Warne Clinic and Geisinger Medical Center**

**Appeal of Robert L. MOYER.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1994.

Filed Dec. 30, 1994.

Edward F. Silva, Philadelphia, for appellant.

David J. Selingo, Wilkes–Barre, for Herbert C. Rubright, M.D., appellee.

Michael M. Badowski, Harrisburg, for Mei–Pu Lin, M.D., appellee.

John Henry Reed, Danville, for Geisinger Medical Center, appellee.

Before BECK, HUDOCK and BROSKY, JJ.

BECK, Judge:

The issue is whether this wrongful death and survival action is barred by the statute of limitations. The trial court held that the claims were time-barred and granted summary judgment dismissing them. We affirm dismissal of the survival claim but reverse dismissal of the wrongful death claim.

Plaintiff-appellant Robert L. Moyer filed this suit for survival on behalf of the estate of his wife, Michelle M. Moyer, and for wrongful death on his own behalf. The complaint asserted claims against defendants-appellees Herbert C. Rubright, M.D., Mei–Pu Lin, M.D., Walter R. Bohnenblust, M.D., Frank C. Yartz, M.D., Latif Awad, M.D., Pottsville Hospital and Warne Clinic, and Geisinger Medical Center for their alleged failure properly to diagnose Michelle Moyer's breast cancer.

The cause of action for wrongful death provides:

(a) General Rule.—An action may be brought ... to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no action for damages was brought by the injured individual during his lifetime.

42 Pa.C.S. § 8301(a).

The survival statute is located at 42 Pa.C.S. § 8302, and provides that "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff or the defendant, or the death of one or more joint plaintiffs or defendants."

Mrs. Moyer's breast cancer was diagnosed in September 1986.[1] Deposition testimony indicates that, in August 1987,

---

1. Appellant alleged the following additional facts. Michelle Moyer first detected a lump in her right breast on October 7, 1985, and immediately went to see her obstetrician/gynecologist, appellee Dr. Rubright. Dr. Rubright ordered a mammogram, which was performed by appellee Dr. Bohnenblust on October 15, 1985 at appellee Pottsville Hospital and Warne Clinic. Dr. Rubright allegedly informed Mrs. Moyer that the mammogram results were normal. Late in 1985, Mrs. Moyer became pregnant and came under the care of appellee Dr. Lin. During the

Mrs. Moyer stated to her husband that she was dying, and that she believed "she shouldn't be dying." Mr. and Mrs. Moyer at that time discussed filing a lawsuit. R. 262a–266a. Mrs. Moyer died on November 7, 1987. This lawsuit was filed on November 6, 1989.

Appellees filed motions for summary judgment, asserting that both the wrongful death and survival actions had expired prior to the filing of the lawsuit. Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.Civ.P. 1035(b). In passing upon a motion for summary judgment we must examine the record in a light most favorable to the non-moving party and must resolve any doubt against the moving party. *Carns v. Yingling*, 406 Pa.Super. 279, 594 A.2d 337 (1991). A summary judgment properly may be entered in favor of a defendant where plaintiff's cause of action is barred by the statute of limitations. *Wible v. Apanowicz*, 306 Pa.Super. 262, 452 A.2d 545 (1982).

The statute of limitations applicable to both wrongful death and survival actions appears at 42 Pa.C.S. § 5524(2) and provides that "[a]n action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another" must be commenced within two years. The two year period begins to run "from the time the cause of action accrued ..." 42 Pa.C.S. § 5502(a).

course of her pregnancy, Mrs. Moyer noticed that the breast lump had increased in size, and she apparently brought this to Dr. Lin's attention. Dr. Lin told her that there was nothing that could be done while she was pregnant.

Mrs. Moyer went into premature labor on July 17, 1986, and was admitted to appellee Geisinger Medical Center, under the care of appellee Dr. Awad, who failed to diagnose cancer. On August 14, 1986, Mrs. Moyer went into actual labor and gave birth to a baby girl at Geisinger under the care of appellee Dr. Yartz. After her discharge, Mrs. Moyer underwent a mammogram and biopsy. Infiltrating ductal carcinoma of the right breast was diagnosed in September 1986. A right radical mastectomy was performed on February 7, 1987, and was followed by series of radiation and chemotherapy. Mrs. Moyer died of metastatic breast cancer nine months later. Appellant's Brief at 4–5.

■ The analysis of when the cause of action accrued, for purposes of deciding whether the statute of limitations has run, is different for wrongful death and survival actions. *Pastierik v. Duquesne Light Co.*, 514 Pa. 517, 526 A.2d 323 (1987); *Ingenito v. AC & S, Inc.*, 430 Pa.Super. 129, 633 A.2d 1172 (1993) (en banc); *Baumgart v. Keene Bldg. Prods. Corp.*, 430 Pa.Super. 162, 633 A.2d 1189 (1993) (en banc), *appeal granted*, 537 Pa. 657, 644 A.2d 1195 (1994). This difference stems from the distinct injuries the two causes of action are designed to redress. We summarized the different bases for wrongful death and survival actions in *Frey v. Pennsylvania Elec. Co.*, 414 Pa.Super. 535, 607 A.2d 796 (1992):

> An action for survival damages is unlike the action for wrongful death ... Under the survival statute, survival damages are essentially those for pain and suffering between the time of injury and death. The survival action has its genesis in the decedent's injury, not his death. The recovery of damages stems from the rights of action possessed by the decedent at the time of death....

> In contrast, wrongful death is not the deceased's cause of action. An action for wrongful death may be brought only by specified relatives of the decedent to recover damages in their own behalf, and not as beneficiaries of the estate. Wrongful death damages are implemented to compensate the spouse, children, or parents of the deceased for the pecuniary loss they have sustained by the denial of future contributions decedent would have made in his or her lifetime ... This action is designed only to deal with the economic effect of the decedent's death upon these specified family members.

414 Pa.Super. at 539–40, 607 A.2d at 798 (citations omitted).

## SURVIVAL ACTION

■ For the action known as a "survival action" the statute of limitations, as a general rule, begins to run on the date of injury, as though the decedent were bringing his or her own lawsuit. *Baumgart*, 430 Pa.Super. at 169, 633 A.2d at 1192.

"[A] party asserting a cause of action is under a duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed period ... Thus, the statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding [does] not toll the running of the statute of limitations ... Once the prescribed statutory period has expired, the party is barred from bringing suit unless it is established that an exception to the general rule applies which acts to toll the running of the statute." *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983). This general rule ... has application to a "survival action"....

The "discovery rule" is an exception to the general rule. It "arises from the inability of the injured [person], despite the exercise of due diligence, to know of the injury or its cause."

*Baumgart, supra* (citing *Pocono Int'l Raceway, Inc., supra* ).

As we stated in *Ingenito, supra,* the discovery rule tolls the statute of limitations where a plaintiff does not "know that he has a cause of action, or that he has suffered an injury due to another party's wrongful conduct." 430 Pa.Super. at 134, 633 A.2d at 1174–75. However, once a plaintiff " 'possesses the salient facts concerning the occurrence of [the] injury and who or what caused it, [the plaintiff] has the ability to investigate and pursue [the] claim.' " *Id.* (quoting *Burnside v. Abbott Laboratories*, 351 Pa.Super. 264, 505 A.2d 973 (1985)). In a survival action, the discovery rule

causes the statute of limitations to commence to run on the date when the victim ascertained, or in the exercise of due diligence should have ascertained, the fact of a cause of action. In no case, however, can that date be later than the date of death; hence, the statute runs, at the latest, from death.

*Pastierik v. Duquesne Light*, 514 Pa. at 524, 526 A.2d at 327.

In this case, Mrs. Moyer's cancer was diagnosed in September 1986. Under the due diligence standard, by that

time she had reason to suspect she was injured and that previous health care providers had missed an earlier cancer diagnosis.[2] Therefore, the statute of limitations began to run in September 1986. The survival action was not filed until November 1989, three years and two months after the statute of limitations began to run. Consequently, it is time barred by the two-year statute of limitations. We affirm the grant of summary judgment in the survival action.

## WRONGFUL DEATH ACTION

■■■ In wrongful death actions, the statute of limitations begins to run "when a pecuniary loss is sustained by the beneficiaries of the person whose death has been caused by the tort of another." *Baumgart,* 430 Pa.Super. at 172, 633 A.2d at 1194 (citing *Pastierik v. Duquesne Light, supra* ). The rule is that an action for wrongful death must be brought no later than two years after the date of death. *Pastierik, supra.* The discovery rule can have no application to extend the time for filing a wrongful death action beyond the date of death:

> Because death is not an event that is indefinite as to the time of its occurrence, and because survivors are immediately put on notice that they may proceed to determine the cause of death, there is no basis to regard the cause of action for death as accruing at any time other than at death.

*Pastierik, supra* 514 Pa. at 522, 526 A.2d at 326. Mrs. Moyer died on November 7, 1987 and this wrongful death action was filed within two years on November 6, 1989. Under the two-year statute of limitations, this action appears to be timely.

■ Our analysis of the wrongful death action does not end here, however. The rule also provides that if at the time of death, the underlying negligence action would have been time-barred as to Mrs. Moyer, then the wrongful death cause of action is time barred as to her relatives. *Baumgart, supra* 430 Pa.Super. 172, 633 A.2d 1194. Mr. Moyer's wrongful

---

**2.** In this case, the injury is not the cancer itself, but the *late cancer diagnosis,* which makes treatment less effective and a cure less probable.

death action is derivative of the original tortious act which would have supported his wife's own cause of action. *Ingenito v. AC & S, supra* at 136, 633 A.2d at 1176. *See also Kaczorowski v. Kalkosinski,* 321 Pa. 438, 184 A. 663 (1936).

■ We examine whether at the time of her death Mrs. Moyer still had a viable tort action. *Ingenito, supra; Howard v. Bell Telephone Co.,* 306 Pa. 518, 160 A. 613 (1932). We conclude that she did. On the date of her death in November 1987, Mrs. Moyer's potential medical malpractice action was not time-barred. Under the discovery rule the statute ran from the date of diagnosis of breast cancer in September 1986. Mrs. Moyer died fourteen months later in November 1987, with her cause of action still viable.

Since Mrs. Moyer's cause of action was viable at the time of her death and Mr. Moyer's wrongful death action was brought within two years of his wife's death, Mr. Moyer's suit was timely. *Baumgart, supra* 430 Pa.Super. 172, 633 A.2d 1194.

Under the wrongful death statute the rationale for the two-years-from-death rule is the fact that the husband's injury is the death of his wife. Why then is a suit brought within two years of her death not timely regardless of whether the decedent's cause of action was viable at the time of her death? The answer is that the wrongful death suit is derivative of the wife's injury and dependent upon her own cause of action being viable at the time of her death. To measure the statute of limitations from the time of death without reference to the original tort ignores the basis for the derivative tort action, the wife's injury. Also, a suit without reference to wife's injury might be too remote. For example, the alleged malpractice could have occurred five or ten years before the death without the wife's filing a timely legal action. The law should not permit her relatives to resurrect a time-barred cause of action which is dependent on and derivative of the original tort.[3]

---

**3.** Appellees argue that the wrongful death action is time-barred because the survival action is time-barred; they assert that these two separate causes of action are *derivative of one another.* Appellees' argument is incorrect. Both actions are derivative of the original tort, and certainly

## CONCLUSION

In summary, the survival action is barred by the statute of limitations because recovery was personal to the decedent to compensate her (her estate) for the pain and suffering the alleged malpractice caused her. Since the survival suit was brought more than two years after the accrual of the underlying negligence action, the statute of limitations bars recovery. In contrast, the wrongful death action is not barred by the statute of limitations because Mr. Moyer's loss occurred at his wife's death. The wrongful death action was brought within two years of death, and the original tort action still was viable at the time of death.

Summary judgment on the survival action is affirmed; summary judgment on the wrongful death action is reversed, and the matter is remanded to the trial court for further proceedings. Jurisdiction relinquished.

are related in that way. But the statutes are distinct in scope and purpose, and the statute of limitations applies to them differently, as we have noted. *See Baumgart, supra* at 172 n. 3, 633 A.2d at 1194 n. 3.