S97G1238. DEPARTMENT OF TRANSPORTATION v. EVANS.
(499 SE2d 321)

HINES, Justice.

We granted certiorari in Evans v. Dept. of Transp., 226 Ga. App. 74 (485 SE2d 243) (1997) to consider whether the Court of Appeals correctly construed the phrase "the county wherein the loss occurred" found in OCGA § 50-21-28, the venue provision of the Georgia Tort Claims Act (GTCA), OCGA § 50-21-20 et seq. We conclude that the Court of Appeals was correct in its determination that venue in Evans' wrongful death action was proper in the county where the death occurred.

Evans filed suit against the Georgia Department of Transportation (DOT) for the wrongful death of her 18-year-old daughter, which resulted from a vehicular collision on a wet highway that Evans contended was negligently repaired and maintained by DOT. The action was filed in Richmond County, where the daughter was hospitalized after the accident and later died. On DOT's motion, the Superior Court of Richmond County transferred venue to Columbia County, where the collision occurred. After a jury found that DOT was not negligent, Evans appealed to the Court of Appeals, asserting, inter alia, that the trial court erred in transferring venue. Examining OCGA § 50-21-28, the Court of Appeals concluded that venue was proper in Richmond County, where the death of Evans' daughter occurred. Accordingly, the Court of Appeals found that it was error to transfer the action to Columbia County.

In the situation in which an action is brought under the GTCA and against the State as the sole defendant, the venue provision of OCGA § 50-21-28 is exclusive. Campbell v. Dept. of Corrections, 268 Ga. 408 (490 SE2d 99) (1997). Under the venue statute, all such tort actions must be brought in the "state or superior court of the county wherein the loss occurred." (Emphasis supplied.) Thus, the focus of venue is the situs of loss.

DOT urges that loss must be construed as inextricably bound to the term occurrence defined in OCGA § 50-21-22 (3.1) as "an accident." Therefore, "wherein the loss occurred" must refer to the county where the accident happened, and that county is the place where the operative facts come together to cause an injury. However, as the Court of Appeals noted, the term "loss" as used in the GTCA is not a matter of speculation. Loss is explicitly defined in the Act itself. OCGA § 50-21-22 (3) provides that loss is "personal injury; disease;

*death*; damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease or death; pain and suffering; mental anguish; and any other element of actual damages recoverable in actions for negligence." (Emphasis supplied.) When the language of a statute is plain and unambiguous and not leading to an absurd result, it evidences the legislative intent which is not to be contravened. *Jersawitz v. Hicks*, 264 Ga. 553, 554 (448 SE2d 352) (1994); *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

DOT quarrels with the result, arguing that *loss* so defined erroneously ties venue to the plaintiff rather than the defendant, leads to a lack of uniformity of venue, and encourages forum shopping.[1] These arguments are not persuasive. What is more, by challenging the express legislative mandate, such arguments implicitly reject the exclusivity of the GTCA's special venue provision. This Court has determined the enactment of OCGA § 50-21-28 to be a valid exercise of the legislature's constitutional authority and the statute an express condition of the State's waiver of sovereign immunity. *Campbell v. Dept. of Corrections*, supra at 411 (1) & (2).

Finally, DOT maintains that this definition of *loss* runs afoul of mandatory joinder and this Court's decision in *Stenger v. Grimes*, 260 Ga. 838 (400 SE2d 318) (1991). It also echoes a concern expressed in the opinion of the Court of Appeals that the literal interpretation of the venue statute might require violation of OCGA § 9-2-5 (a) "which prohibits the splitting of a cause of action."[2] It is true that consolidation of wrongful death and survivors' actions may be required because of the mandatory joinder of all claims deriving from personal injuries sustained by a single individual. *Stenger*, supra at 839. But that is not at issue in this case. The only claim asserted by Evans resulting from her daughter's death is the cause for wrongful death.[3] However, there is no concern of an absurd result in the event of multiple claims derived from personal injuries to the same individual, each constituting a *loss* as contemplated in OCGA § 50-21-28, because nothing in the statute precludes the plaintiff's election of venue among the locations of *loss*.

*Judgment affirmed. All the Justices concur.*

---

[1] DOT posits that potential claimants will transport an injured person away from the county where the accident happened to another county viewed as a more favorable venue in which to die.

[2] What OCGA § 9-2-5 (a) prohibits is prosecution of two simultaneous suits against the same party for the *same cause of action.*

[3] The Court of Appeals opinion notes that Evans filed suit in Columbia County for injuries which she herself received in the collision which claimed her daughter's life.

DECIDED MAY 4, 1998.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, W. Anthony Moss, Assistant Attorneys General,* for appellant.

*Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Gary C. Christy, David A. Forehand, Jr., Preyesh K. Maniklal,* for appellee.