A.2d at 527 ("Where PCRA courts discern the potential for amendment, it is their obligation under Rule [905(B)] to specifically allow the opportunity....."). This court will retain jurisdiction over this matter.

Justice SAYLOR files a concurring opinion in which Justice NIGRO joins.

Justice SAYLOR concurring.

I agree with the majority's decision to remand for compliance with the Pennsylvania Rules of Criminal Procedure governing capital, post-conviction proceedings. *See generally Commonwealth v. Williams,* 566 Pa. 553, 568–69, 782 A.2d 517, 526–27 (2001). It should not go without saying, however, that, by limiting the scope of potential amendments on remand, the majority crafts a narrower rule than that which was implemented in *Williams.*[1] For my part, I remain of the view that consistent application of the criminal procedural rules as developed in *Williams* would further the interests of justice both by identifying ineffective approaches by counsel to post-conviction litigation at the earliest stage, and providing the fullest opportunity for a post-conviction petitioner's one instance of state collateral review to be a meaningful one.

Justice NIGRO joins this concurring opinion.

---

Phillip S. SUNDERLAND and Phillip S. Sunderland, Administrator of the Estate of Helen Sunderland and Deborah S. Yarnell and John P. Sunderland and James P. Sunderland, Appellants

v.

R.A. BARLOW HOMEBUILDERS, a/k/a Barlow Homebuilders, Inc., a/k/a Barlow Construction, Inc. Robert A. Barlow, Sr. Individually and/or d/b/a R.A. Barlow Homebuilders, a/k/a Barlow Homebuilders, Inc., a/k/a Barlow Construction, Inc. and Robert A. Barlow, Jr., Tauder Ford, Inc., n/k/a John Kennedy Ford, Inc., John Kennedy Ford, Inc., Formerly Known as Tauder, Inc., Glocker & Co., Inc. and Jerry Delena and Mars Construction, Appellees.

Supreme Court of Pennsylvania.

Argued Oct. 20, 2003.

Decided Dec. 18, 2003.

Michael T. Droogan, Eugene Michael Hamill, Philadelphia, for Phillip S. Sunderland. et al., appellants.

Henry T. Crocker, Pottstown, for R.A. Barlow Homebuilders, et al., appellees.

---

1. *Williams'* approach was merely to restore the petitioner to the posture that he was in immediately before the unwarranted dismissal, namely, with his entitlement to adequate pre-dismissal notice intact, and the opportunity to amend limited only by the sound judgment of the PCRA court, exercised in light of the liberal amendment policy. *See generally id.* (citing Pa.R.Crim.P. 1509(C)(1) (now 909(B)(2)(b)), 1509(C)(3)(b) (now 909(B)(2)(c)(ii)), and 1505(a) (now 905(a))).

Nancyjean P. Petro, Philadelphia, for Robert A. Barlow, Sr., et al., appellees.

William M. Connor, Philadelphia, for Tauder Ford, Inc., n/k/a John Kennedy Ford, Inc., appellee.

Jay David Branderbit, Philadelphia, Jeffrey William McDonnell, Glenside, for Glocker & Co., Inc. and Jerry Delena, Appellees.

Before: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

### ORDER

PER CURIAM.

**AND NOW,** this 18th day of December, 2003, the order of the Superior Court is AFFIRMED based on the reasoning set forth in *Sunderland v. R.A. Barlow Homebuilders,* 791 A.2d 384 (Pa.Super.2002) (Hudock, J.).

**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Raymond JOHNSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 21, 2002.

Decided Dec. 18, 2003.

Reargument Denied Feb. 19, 2004.