# Barnabei v. Schell

*John Francis Hanahan*, for plaintiff/appellant.
*Jeffrey Adrian van der Kwast*, for defendants/appellees.

NEW, *J.*, August 20, 2013—Plaintiff Robert Barnabei has appealed the order of this court dated May 20, 2013, sustaining Joseph Schell's preliminary objections to venue and transferring this matter to Delaware County, Pennsylvania. For the reasons discussed herein, this court respectfully requests the order be affirmed on appeal.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff Robert Barnabei (hereinafter "plaintiff") commenced this personal injury action against Joseph Schell and Frederick Schell by way of complaint on March 18, 2013.[1] The underlying facts of this litigation are as follows. On May 6, 2011, plaintiff was involved in an accident in Delaware County when he was a passenger in a car driven by defendant Joseph Schell (hereinafter "defendant").

Prior to the accident, defendant was tailgating at a Phillies Game at Citizens Bank Park in Philadelphia, Pennsylvania where defendant allegedly became intoxicated. After leaving the game, defendant was

---

1. This matter was originally filed in the major non-jury program. However, it was transferred to the major jury program on April 26, 2013 after a jury trial was perfected.

involved in the single-car accident in Delaware County. Plaintiff was a passenger in the car defendant was driving at the time of the accident. The police report lists the cause of the accident as driving too fast for the conditions and losing control of the vehicle. Upon further investigation, it was found defendant had been drinking and was subsequently arrested for driving under the influence. Plaintiff's complaint for negligence seeks compensatory and punitive damages in connection with the accident.

On February 12, 2013, defendant filed preliminary objections, challenging, inter alia, venue in Philadelphia County. Defendant argued venue is improper in Philadelphia County since defendant was not amenable to service in Philadelphia and plaintiff's cause of action did not arise in Philadelphia County. Plaintiff responded on May 15, 2013. By court order dated May 20, 2013, this court sustained defendant's objection to venue and directed a transfer of the matter to Delaware County, Pennsylvania.[2] Plaintiff filed the instant appeal on June 18, 2013 and a Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained on July 10, 2013.[3]

## LEGAL ANALYSIS

"A trial court's ruling on venue will not be disturbed if the decision is reasonable in light of the facts."[4] "If

---

2. Pursuant to this transfer, this court did not rule on the remaining preliminary objections. *See Bradley v. O'Donoghue*, 823 A.2d 1038, 1042 (Pa. Cmwlth. 2003) ("[W]hen a trial court grants a change of venue through preliminary objections, it is without further authority to decide any remaining preliminary objections.").

3. Plaintiff's appeal of this order is proper under Pennsylvania Rules of Appellate Procedure 311, Interlocutory Appeals as of Right, as the court's order changed venue in the matter. *See* Pa. R.A.P. 311(c).

4. *Sunderland v. R.A. Barlow Homebuilders*, 791 A.2d 384, 387 (Pa. Super. 2002) (citing *Mathues v. Tim-Bar Corp*, 438 Pa. Super. 231, 234, 652 A.2d 349, 351 (1994)).

there is any basis to affirm a trial court's decision to transfer venue, the decision must stand."[5] "Moreover, the standard of review is one of abuse of discretion. An abuse of discretion is shown by a record of misapplication of the law, or judgment that is manifestly unreasonable, or motivated by partiality, prejudice, bias, or ill-will."[6]

On appeal, plaintiff claims this court erred in determining venue could not be laid against defendant in Philadelphia County. Pennsylvania Rules of Civil Procedure (hereinafter "Pa. R.C.P.") 1006 governs venue over an individual defendant, providing:

Rule 1006. Venue. Change of Venue

(a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought only in a county in which the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law.[7]

In the case *sub judice*, defendant was served in Delaware County, and plaintiff does not dispute the cause of action arose in Delaware County. Rather, plaintiff argues Philadelphia County is the county in which "an occurrence took place out of which the cause of action arose" since "part of [defendant's] negligent acts were committed in Philadelphia."[8] According to plaintiff, the "occurrence"

5. *Kring v. Univ. of Pittsburgh*, 829 A.2d 673, 675 (Pa. Super. 2003) (citation omitted).

6. *Id.* (quotation omitted).

7. Pa. R.C.P. 1006(a).

8. Response to defendant's preliminary objections, ¶¶4, 8, 10-12; *see also* plaintiff's memorandum of law in opposition to defendant's preliminary objections at 2.

is defendant's "act of driving under the influence of alcohol which was initiated by [d]efendant's drinking of intoxicating beverages in Philadelphia County."[9]

The dispositive issue in this matter, therefore, centers upon the determination of whether defendant's alleged act of becoming intoxicated and driving while intoxicated in Philadelphia County constitutes an "occurrence" out of which the Delaware County cause of action arose.

In *Craig v. W.J. Theile & Sons, Inc.*,[10] the Pennsylvania Supreme Court held a "part of a transaction" does not establish a "transaction" for the purposes of determining venue.[11] In so holding, the Pennsylvania Supreme Court noted paragraph (a)(4) of Rule 2179, governing venue of corporations, was drafted from the Illinois Code of Civil Practice. However, the Pennsylvania and Illinois rule differed significantly with respect to what constitutes a "transaction" with respect to venue. Where the Illinois rule provides venue is proper in a county where "the transaction or some part thereof occurred," the Pennsylvania rule expressly omits the language "or some part thereof." The *Craig* court stated:

It becomes significant, therefore, that while we adopted the rule from Illinois we deleted that part of the rule which authorized venue in any county wherein a "part of the transaction" occurred. The framers of our rule

9. Plaintiff's Rule 1925(b) statement of errors complained of on appeal, ¶18.

10. *Craig v. W.J. Thiele & Sons, Inc.*, 395 Pa. 129, 149 A.2d 35 (1959).

11. The *Craig* Court examined Pa. R.C.P. 2179 for purposes of establishing venue "where a transaction or occurrence took place out of which the cause of action arose." Pa. R.C.P. 1006(a) employs identical language in determining whether venue in a particular county is proper against an individual.

must have intended to require that a transaction (in this case the making of a contract) and not merely some part of the transaction, take place in the county where venue is laid.[12]

Next, it was determined an "occurrence" does not mean "part of a transaction."[13] The Pennsylvania Supreme Court explained:

Nor do we understand the word "occurrence" to mean "part of a transaction." On familiar principles of *ejusdem generis* the word "occurrence" would not have a broader meaning than "transaction" so as to conform it to "part of a transaction."[14]

Following *Craig*, the Pennsylvania Superior Court stated:

Under both [r]ules [1006(a) and 2179(a)(4)], Pennsylvania courts have interpreted "a transaction or occurrence" to "require that a transaction...and not merely some part of a transaction, take place in the county where venue is laid [because] [i]t would lead only to confusion and a practice which we have heretofore referred to a 'forum shopping' if the law were to permit suit to be commenced against a [defendant] in any county where any fact of a complex transaction occurred."[15]

Although decided in the context of a breach of contract action, Pennsylvania courts have applied the holding in

---

12. *Craig*, 395 Pa. at 133-34, 149 A.2d at 37.
13. *Id.* at 134, 149 A.2d 37.
14. *Id.*
15. *Kring*, 829 A.2d at 678 (quoting *Craig*, 395 Pa. at 133-34, 149 A.2d at 37).

*Craig* to other causes of action.[16] Moreover, as noted by the *Kring* Court, the language at issue in *Craig* is identical to the language of rule 1006(a), governing venue of individuals in Pennsylvania.

In Pennsylvania, a negligence action has the following elements: (1) the existence of a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure on the part of the defendant to conform to that duty, or a breach thereof; (3) a causal connection between the breach and the resulting injury; and (4) actual loss.[17]

Although plaintiff alleges part of defendant's negligence occurred in Philadelphia, plaintiff's negligence claim is based upon defendant's tortious conduct in Delaware County, which resulted in the accident. Defendant lost control of the vehicle he was driving in Delaware County due to excessive speed. Plaintiff was a passenger in the car at such time, and from this accident, sustained personal injuries. Defendant's breach of the standard of care in operating the motor vehicle, which is alleged to be causally connected to plaintiff's injuries, occurred in Delaware County. Thus, the alleged facts that satisfy all the elements for a negligence cause of action occurred in Delaware County.

Moreover, plaintiff's allegation "part of [defendant's] acts were committed in Philadelphia" is insufficient to establish venue over defendant in Philadelphia County

---

16. *See, e.g., Harris v. Brill*, 844 A.2d 567 (Pa. Super. 2004) (wrongful use of civil proceedings); *Sunderland, supra* (wrongful death); *Estate of Werner v. Werner*, 781 A.2d 188 (Pa. Super. 2001) (civil conspiracy); *Stein v. Crown Am. Realty Trust*, 54 Pa. D.&C. 4th 383 (Pa. Com. Pl. Philadelphia County Oct. 1, 2001) (Sheppard, J.) (unjust enrichment).

17. *See Unglo v. Zubik*, 29 A.3d 810, 813 (citation omitted); *see also Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 596 (Pa. 2012).

as it amounts to a "part of an occurrence." As stated by our Supreme Court, a "part of an transaction" does not constitute a transaction, and "the word 'occurrence' would not have a broader meaning than 'transaction.'"[18] It would be illogical, therefore, to determine a "part of an occurrence" would constitute an "occurrence" in satisfaction of Pa. R.C.P. 1006. At best, plaintiff has merely alleged a part of an occurrence took place in Philadelphia County, which is insufficient to establish an occurrence out of which the Delaware County cause of action arose transpired in Philadelphia County.

Therefore, this court did not abuse its discretion in transferring venue to Delaware County where defendant was served and the cause of action arose.

## CONCLUSION

Wherefore, for the reasons stated above, it is respectfully requested the court's order dated May 20, 2013 be affirmed on appeal.

---

18. *Craig*, 395 Pa. at 133-34, 149 A.2d at 37.