J-S69003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| LAWRENCE HIGGINS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ERIC AND DONNA GEORGE | |
| Appellee | No. 513 MDA 2016 |

Appeal from the Order Entered December 4, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No: 2013-06186

BEFORE:  STABILE, DUBOW, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 22, 2016**

Appellant, Lawrence Higgins, appeals *pro se* from the December 4, 2015 order entered in the Court of Common Pleas of Luzerne County, sustaining preliminary objections filed by Appellees, Eric and Donna George, and dismissing Appellant's second amended complaint.  Following review, we affirm.

In its May 13, 2016 Rule 1925(a) opinion, the trial court explained that Appellant initially filed a *pro se* complaint in May 2013, seeking wrongful death damages for the December 2012 death of his son, Jared Higgins. Appellees filed preliminary objections, which the trial court sustained.  The trial court directed Appellant to file an amended complaint and Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

complied. In response to the amended complaint, Appellees filed preliminary objections. The trial court again sustained the objections and ordered Appellant to file a second amended complaint. In his second amended complaint, Appellant contended that Eric George introduced Jared to heroin in 1999 and provided it to him daily until Jared's death, intending that Jared would become addicted. Trial Court Opinion, 5/13/16, at 1 (unnumbered). Appellant also claimed that Jared's mother, Appellant's ex-wife, Donna George, was aware of the action and failed to intervene. *Id.* at 2 (unnumbered). Appellant sought $250,000 in damages from each Appellee for "severe mental anguish and irreparable harm." *Id.* (quoting Appellant's Second Amended Complaint at 2).

Appellees once again filed preliminary objections, asking the trial court to dismiss Appellant's second amended complaint for failure to comply with various procedural rules. While Appellees waived oral argument, Appellant requested argument in his response. *Id.* at 2-4 (unnumbered).

By order entered on December 4, 2015, the trial court sustained the preliminary objections and dismissed the complaint. This timely appeal followed.[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[1] Appellant is currently incarcerated in Texas, serving a sentence for murder. On July 11, 2016, this Court issued a rule to show cause why the appeal should not be dismissed as untimely and directed Appellant to produce evidence of the date he provided his notice of appeal to the prison authorities for mailing. Appellant complied with the directive and submitted

*(Footnote Continued Next Page)*

In his *pro se* brief filed with this Court, Appellant violates virtually every appellate rule governing briefs. Although he does not set forth questions for this Court's review as required by Pa.R.A.P. 2111(4) and Pa.R.A.P. 2116(a), it appears he is asking us to find trial court error for dismissing his complaint on procedural grounds and for dismissing his complaint without holding oral argument. Appellant's Brief at 4-5. These are the two errors Appellant suggested by his Rule 1925(b) statement. We shall address them, despite the lack of conformance to our procedural rules, even while recognizing that Appellant's *pro se* status does not confer any special privileges upon him or forgive his disregard of our procedural rules. ***Commonwealth v. Ray***, 134 A.3d 1109, 1114-15 (Pa. Super. 2016); ***Jones v. Rudenstein***, 585 A.2d 520, 522 (Pa. Super. 1991).

As this Court has stated,

> Our review of a challenge to a trial court's decision to grant preliminary objections is guided by the following standard:
>
> > [o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

the requested documentation. By order dated August 3, 2016, the rule to show cause was discharged and the matter was referred to this panel for consideration. Based on our review of Appellant's submission, we conclude Appellant did, in fact, comply with Pa.R.A.P. 903(a) and Pa.R.A.P. 121(a) by providing timely notice of his appeal to prison authorities for purposes of mailing.

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (quoting *Haun v. Community Health Systems, Inc.*, 14 A.3d 120, 123 (Pa. Super. 2011)).

In its Rule 1925(a) opinion, the trial court examines each of the procedural bases for Appellees' preliminary objections[2] as well as the demurrer grounded on the lack of assertions against Appellee Donna George upon which any relief might be available under the Wrongful Death Act. Trial Court Opinion, 4/13/16, at 2-4 (unnumbered). The trial court then discusses the legal bases supporting its grant of the preliminary objections, including the fact that while a wrongful death action is "designed only to deal

---

[2] The procedural rules implicated include Pa.R.C.P. 1028(a)(2) (failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter) and Pa.R.C.P. 1028(a)(5) (lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action) (based on Pa.R.C.P. 2202(b) (parties entitled to bring action for wrongful death), Pa.R.C.P. 2204 (averments in a plaintiff's pleading) and Pa.R.C.P. 2205 (notice to persons entitled to damages)).

- 4 -

with the *economic* effect of the decedent's death upon [] specific family members," Appellant here is claiming *non-economic* damages for his own mental anguish. *Id.* at 5-8 (unnumbered) (quoting *Moyer v. Rubright*, 651 A.2d 1139, 1141 (Pa. Super. 1994) (emphasis added)).[3]

_____

[3] In *Moyer*, this Court reiterated:

> An action for wrongful death may be brought only by specified relatives of the decedent to recover damages in their own behalf, and not as beneficiaries of the estate. Wrongful death damages are implemented to compensate the spouse, children, or parents of the deceased for the pecuniary loss they have sustained by the denial of future contributions decedent would have made in his or her lifetime. . . This action is designed only to deal with the economic effect of the decedent's death upon these specified family members.

*Id.* at 1141 (citation omitted).

This Court has since held that members of a decedent's family may recover wrongful death damages for the value of the loss of a *decedent's* services, including society and comfort. *Rettger v. UPMC Shadyside*, 991 A.2d 915, 932-33 (Pa. Super. 2010). However, *Rettger* is distinguishable from the instant case in which Appellant seeks to recover for *his own* mental anguish resulting from Appellees' actions rather than the value of the society and comfort provided by his son. Further, even more recently our Supreme Court endorsed this Court's *Moyer* holding, quoting our 2013 decision in *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 658-59 (Pa. Super 2013), which includes the above passage from *Moyer*. *See Taylor v. Extendicare Health Facilities*, 2016 WL 5630669, at *2 n.1 (Pa. September 28, 2016), recognizing that the wrongful death action is designed to deal only with the economic effect of the *decedent's* death upon specified family members.

- 5 -

The trial court also addresses Appellant's contention that he was wrongfully deprived of the opportunity to present oral argument in opposition to the preliminary objections. Specifically, the trial court recognizes that the terms of Pa.R.C.P. 211 in effect at the time Appellant requested argument provided for the right of any party "to require oral argument." *Id.* at 4 (unnumbered). Nevertheless, as the trial court notes, both this Court and the Commonwealth Court have found that the right to oral argument was a qualified right subject to judicial discretion.[4] *Id.* at 4-5 (unnumbered) (citing cases).

We find no error in the trial court's decision to sustain the preliminary objections, in ruling on the objections without oral argument, or in dismissing Appellant's second amended complaint. We hereby adopt as our own the trial court's opinion as if fully set forth herein.[5] A copy of the trial court's opinion shall be attached to this Memorandum and to any future filings by either party.

Order affirmed.

---

[4] Rule 211 has since been amended and now specifies that either party may request oral argument but the court may dispose of any motion without argument. Pa.R.C.P. 211.

[5] In adopting the trial court opinion, we note the correction of a typographical error on page 4 of the opinion, in the last line of the first paragraph following the heading "Law and Discussion," where the trial court mistakenly indicates that "Defendant" requested argument rather than "Plaintiff" (Appellant).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/22/2016</u>