526 A.2d 323

Helen F. PASTIERIK, Executrix of the Estate of Paul P. Pastierik, Deceased, Appellee,

v.

DUQUESNE LIGHT COMPANY, a corporation, Appellant.

Helen F. PASTIERIK, Executrix of the Estate of Paul P. Pastierik, Deceased, Appellee,

v.

JOHNS–MANVILLE CORPORATION, a corporation, Keene Corporation successor-in-interest to Baldwin-Ehret-Hill, Inc., a corporation, Owens-Corning Fiberglas, a corporation, Owens-Illinois, Inc., a corporation, the Celotex Corporation, successor-in-interest to Philip Carey Manufacturing Corporation, Philip Carey Manufacturing Company, Briggs Manufacturing Company and Panacon Corporation, a corporation, Eagle-Picher Industries, Inc., a corporation, Raybestos Manhattan, Inc., a corporation, Armstrong Cork Company, a corporation, Forty-Eight Insulations, a corporation, American Industrial Contracting, Inc., a corporation, Industrial Furnace Supplies, Inc., a corporation, George V. Hamilton, Inc., a corporation, AC & S, Inc., a corporation, and Atlas Asbestos Company, a corporation.

Appeal of OWENS–CORNING FIBERGLAS CORPORATION, on its behalf and on Behalf of Keene Corporation, successor-in-interest to Baldwin-Ehret-Hill, Inc., Owens-Illinois, Inc., the Celotex Corporation, successor-in-interest to Philip Carey Manufacturing Corporation, Philip Carey Manufacturing Company, Briggs Manufacturing Company and Panacon Corporation, Eagle-Picher Industries, Inc., Raybestos-Manhattan, Inc., Armstrong Cork Company, American Industrial Contracting, Inc., Industrial Furnace Supplies, Inc., George V. Hamilton, Inc., AC & S, Inc., and Atlas Asbestos Company.

Supreme Court of Pennsylvania.

Argued March 12, 1987.

Decided May 27, 1987.

518

John A. Lee, Pittsburgh, for Duquesne Light Co.

Patrick R. Riley, Egler, Anstandig, Garrett & Riley, Blair S. McMillin, Pittsburgh, for Johns-Manville Corp. et al.

Gerald C. Paris, Diane W. Perer, Kathy K. Condo-Caritis, Reed Smith Shaw & McClay, Pittsburgh, for Keene Corp., Owens-Corning Fiberglas, Owens-Illinois, Inc., The Celotex Corp., Eagle-Picher Industries, Inc., Armstrong Cork Co., A C and S., Inc.

William R. Caroselli, Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler, Pittsburgh, for Helen F. Pastierik, etc.

Robert A. Krebs, Henderson & Goldberg, P.C., Thomas W. Henderson, Pittsburgh, amicus curiae, for Helen F. Pastierik, etc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is a consolidated appeal from a per curiam opinion and order of the Superior Court, 341 Pa.Super. 329, 491 A.2d 841, which reinstated wrongful death and survival actions filed by the appellee, Helen F. Pastierik. The actions had earlier been dismissed by the Court of Common Pleas of Allegheny County on grounds they were barred by the applicable statute of limitations.

Appellee's husband died on April 4, 1978, and, more than three years later, in August of 1981, appellee filed a complaint alleging that the death was attributable to carcinoma of the lung caused by exposure to asbestos in the course of employment with appellant Duquesne Light. In October of 1981, appellee filed an additional complaint alleging that the asbestos in question had been manufactured, sold, and supplied by the appellant asbestos companies. In both of these actions, appellee asserted that she reasonably did not know until March of 1981 that exposure to asbestos products caused her husband's death, and, thus, that the actions should be regarded as having been timely filed under the applicable two-year statute of limitations. The Court of Common Pleas dismissed the actions as being time-barred, however, reasoning that the two-year period commenced to run on the date of death, rather than on the date when appellee determined the cause of that death. On appeal, the Superior Court reinstated the complaints, holding that the so-called "discovery rule" tolled the statute of limitations until such time as appellee knew or reasonably should have known the cause of her husband's death.

■ The sole issue raised in the present appeals is whether the wrongful death and survival actions were timely filed. Based upon our decision in *Anthony v. Koppers Co.*, 496 Pa. 119, 436 A.2d 181 (1981) (plurality opinion, authored by Mr. Justice Wilkinson and joined in by Messrs. Justice Roberts and Flaherty, with Messrs. Justice Larsen and Kauffman concurring in the result), it is clear that the actions were not filed within the allowable time period. In *Anthony*, a majority of this Court (five Justices) agreed that the period for bringing wrongful death and survival actions was not to be extended by the discovery rule to permit the bringing of actions beyond the period specified in the statute of limitations. In doing so, a distinction was drawn between application of the discovery rule in actions brought to recover damages for "injuries" sustained versus application of the rule in actions alleging wrongfully caused deaths. As stated in *Anthony*,

> Statutory references to the occurrence of an "injury" or the accrual of a "cause of action" are subject to judicial interpretation as to the degree of knowledge a plaintiff must possess before the statute will start to run. In contrast, the requirement that a wrongful death action be brought within [a specified number of years] after a *definitely established event,—"death"—leaves no room for construction.*

496 Pa. at 124, 436 A.2d at 184 (emphasis added).

Although the statute of limitations governing wrongful death claims in the present action is not identical to that under which *Anthony* was decided, no significant distinctions are to be perceived between the statutes that would affect the analysis, and, thus, the *Anthony* decision remains controlling. The applicable statute in *Anthony* provided that the wrongful death action "shall be brought within one year after the death, and not thereafter," 12 P.S. § 1603, while the statute applicable to the present case provides, "The following actions and proceedings must be commenced within two years: ... (2) An action to recover damages for injuries to the person or for the death of an

individual caused by the wrongful act or neglect or unlaw-
ful violence or negligence of another," 42 Pa.C.S.A.
§ 5524(2). Thus, both statutes required the bringing of
wrongful death actions within a specified period after a
victim's death, and neither incorporated any language indi-
cating that the time of discovering the cause of death was
of significance to the running of the statutory period. It is
argued that a distinction between the statutes is to be
found in the fact that the former statute provided for
bringing an action within the specified period "and not
thereafter," while the current statute omitted the "and not
thereafter" phraseology. Examination of our decision in
*Anthony*, however, reveals that no emphasis was placed
upon the "and not thereafter" language in the statute.
Rather, as discussed supra, the determinative factor was
that, for purposes of statutes requiring the filing of an
action within a specified period after "death," the term
"death" must be taken as referring to a "definitely estab-
lished event" that "leaves no room for construction." Upon
this basis, application of the discovery rule to wrongful
death actions was unequivocally rejected in *Anthony*.

We fail to discern anything in the current statutory
scheme which would alter our rejection of the discovery rule
in such cases, notwithstanding appellee's argument that the
two-year statute of limitations is modified by a provision
now applicable, 42 Pa.C.S.A. § 5502(a), which provides as
follows: "General rule.—The time within which a matter
must be commenced ... shall be computed ... from the
time the cause of action accrued...." Appellee contends
that the cause of action for wrongful death accrues, not at
the time of death, but rather at the time when the cause of
death reasonably becomes known. Such a concept of accru-
al, however, would greatly expand, theoretically to infinity,
the time period during which wrongful death actions could
be brought, extending the discovery rule in its application
far beyond that to which has heretofore been recognized.
We do not believe that such was the intent of the legisla-
ture in enacting 42 Pa.C.S.A. § 5502(a), for while the con-
cept of accrual may have usefulness in delaying the point at

which the statute of limitations begins to run with respect to injuries, e.g., *Ayers v. Morgan*, 397 Pa. 282, 154 A.2d 788 (1959), because injuries are of a nature that they may be inflicted without immediate symptoms or immediately determinable causes, causes of action for death must be regarded in a different light since they are not similarly shrouded by indefinite factors.

As stated in *Anthony*, supra, "death" is a "definitely established event." Upon the death of an individual, survivors are put on clear notice thereof, and they have the opportunity to proceed with scientific examinations aimed at determining the exact cause of death so that a wrongful death action, if warranted, can be filed without additional delay. Such examinations, including autopsies, are designed to make a final determination as to the cause of death, and they are not restrained or limited in their scope, as would be examinations of living persons, by the need to avoid intrusive or destructive examination procedures. Because death is not an event that is indefinite as to the time of its occurrence, and because survivors are immediately put on notice that they may proceed to determine the cause of death, there is no basis to regard the cause of action for death as accruing at any time other than at death. In the present case, therefore, where appellee's wrongful death action was not filed until more than three years after her husband's death, and the statute required the filing of such an action within two years after the accrual of a cause of action for "death," the action is clearly legislatively barred.

With regard to the instant survival action, which was also filed more than three years after the death in question, it must be concluded that this action is likewise barred. In *Anthony*, this Court rejected application of the discovery rule to survival actions, where application of such a rule would work to extend the time for filing such actions beyond the period, measured from death, specified in the statute of limitations. Acknowledging that in actions based upon injuries, rather than deaths, the discovery rule has proper application, the *Anthony* decision declined to extend

the rule in a manner that would have permitted the filing of survival actions beyond the statutory period as measured from death, and, in so doing, rejected the argument that the statute runs from the date the survivors knew, or should have known, the cause of death.

The statute will, of course, begin to run prior to death with respect to injuries that the afflicted individual should reasonably have "discovered" while alive, and, for this reason, it was held in *Anthony* that the survival statute begins to run, "at the latest," at death. 496 Pa. at 122–124, 436 A.2d at 183–184. The explanation for this lies in the nature of the survival cause of action, for, as stated in *Anthony*, "the survival statutes do not create a new cause of action; they simply permit a personal representative to enforce a cause of action which has *already accrued* to the deceased before his death." 496 Pa. at 125, 436 A.2d at 185 (emphasis added) (footnote omitted). See also *Pezzulli v. D'Ambrosia*, 344 Pa. 643, 647, 26 A.2d 659, 661 (1942). Although the statute of limitations applicable to the present case is not identical to the one addressed in *Anthony*, the differences between the statutes are not such as would indicate a contrary result. The governing statute in *Anthony*, 12 P.S. § 34, provided for bringing survival claims within a fixed period following death, as is the case with the present statute which, as noted supra, provides that actions "to recover damages for injuries to the person or for the death of an individual" must be instituted "within two years," 42 Pa.C.S.A. § 5524(2). The language of the instant statute stating that the period "within which a matter must be commenced ... shall be computed ... from the time the cause of action accrued" does not alter the analysis, for the "accrual" concept was expressly recognized in *Anthony;* hence, the statute of limitations was regarded as running, *at the latest*, from the time of death, unless it had earlier "accrued" through the fact that the victim knew, or should reasonably have known, of his injury.

This Court recently reviewed the "accrual" concept, in the context of actions where the discovery rule may function to

postpone the running of the statute of limitations, in *Pocono International Raceway v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468 (1983). In *Pocono*, we noted the general rule that persons asserting causes of action are charged with the responsibility of using all reasonable diligence to inform themselves of the facts and circumstances upon which their alleged rights to recoveries are based and to institute suits within the periods prescribed by statute. 503 Pa. at 84, 468 A.2d at 471. We further noted that, as a general rule, insufficiencies of knowledge, mistakes, and misunderstandings are not adequate to toll the running of statutes of limitations. *Id.* Only when there is applicable an exception to these general rules is the running of such statutes tolled. Accordingly, in *Pocono* it was held,

> [T]he "discovery rule" exception arises from the inability, despite the exercise of diligence, to determine the injury or its cause, not upon a retrospective view of whether the facts were *actually* ascertained within the period.

503 Pa. at 86, 468 A.2d at 471–472. Characterizing the lack of knowledge that will suffice to toll a statute, this Court in *Pocono* noted that a plaintiff need not have gained "finite knowledge of all operative facts" in order for the statute to run, but rather that only in cases of "blameless ignorance," to wit, in cases where the exercise of due diligence on the part of the plaintiff would not have determined the fact of a cause of action, is the discovery rule to be applied. *Id.*

In the context of survival actions, which, as heretofore discussed, merely permit a personal representative to pursue a cause of action that had already accrued to a victim prior to death, the *Pocono* rule causes the statute of limitations to commence to run on the date when the victim ascertained, or in the exercise of due diligence should have ascertained, the fact of a cause of action. In no case, however, can that date be later than the date of death; hence, the statute runs, at the latest, from death. Because death is a definitely ascertainable event, and survivors are put on notice that, if an action is to be brought, the cause of action must be determined through the extensive means

available at the time of death, there is no basis to extend application of the discovery rule to permit the filing of survival actions, or wrongful death actions, at times beyond the specified statutory period. Thus, inasmuch as the instant survival and wrongful death actions were filed more than three years after the death of appellee's husband, and the two-year statute of limitations was thereby exceeded, the actions are clearly barred. The order of the Superior Court reinstating the actions must, therefore, be reversed.

Order reversed.

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

LARSEN, Justice, dissenting.

I dissent.

I strenuously object to the majority's reliance upon *Anthony v. Koppers Co.*, 496 Pa. 119, 436 A.2d 181 (1981), to hold that the discovery rule does not apply in cases of wrongfully caused deaths. Only three members of this Court agreed in *Anthony* that the discovery rule does not prevent the running of the statute of limitations in a wrongful death action brought pursuant to the limitations statute in effect prior to the effective date of the Judiciary Act Repealer Act. To suggest that the two concurrences *in the result* of that case (mine and that of Justice Kauffman) amount to a concurrence in its holding and rationale, is to misrepresent the precedential value of *Anthony* on this issue.

Moreover, I fail to see how *Anthony* can bind this Court regarding the application of a limitations statute that differs in radical measure from the statutes under consideration in that case. Indeed, the plurality in *Anthony* recognized that:

Statutory references to the occurrence of an "injury" *or the accrual of a "cause of action"* are subject to judicial

interpretation as to the degree of knowledge a plaintiff must possess before the statute will start to run.

496 Pa. at 124, 436 A.2d at 184 (emphasis added).

The statutes with which we are concerned herein provide, in relevant part:

The time within which a matter must be commenced under this chapter shall be computed ... from the time the cause of action accrued.

42 Pa.C.S.A. § 5502(a).

The following actions and proceedings must be commenced within two years:

.        .        .        .        .

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

42 Pa.C.S.A. § 5524.

The majority now states that the "accrual" analysis of *Anthony:*

would greatly expand, theoretically to infinity, the time period during which wrongful death actions could be brought, extending the discovery rule in its application far beyond that to which has heretofore been recognized. We do not believe that such was the intent of the legislature in enacting 42 Pa.C.S.A. § 5502(a).

Maj. op. at 521.

Yet, the same potential for infinite expansion of the time period for filing an action exists where the cause of action arises out of an injury, and the majority recognizes the application of the discovery rule to injury cases. I would remind the majority that the plaintiff would carry the same heavy burden of proving the exercise of due diligence in discovering the cause of death where wrongful death and survival actions are commenced more than two years after the date of death as the plaintiff does in a personal injury case. Although death is a "definitely established event," the cause of death may be just as difficult to ascertain as is

the cause of an injury. It is absurd to conclude that the legislature would have intended that different rules apply to different causes of action when it included in a single provision the limitation of time for wrongful death, survival and personal injury actions.

Accordingly, I would affirm the Order of Superior Court and adopt its opinion. However, on remand, I would permit appellee the right to amend her complaint to allege facts supporting her claim of delayed accrual, including the time and manner of discovery of the cause of her husband's death and the circumstances excusing delayed discovery.

PAPADAKOS, J., joins in this dissenting opinion.