**1242**

Gaylon H. McGOWAN, Administrator ad Prosequendum of the Estate of Valerie Joyce McGowan, Deceased, General Administrator of the Estate of Valerie Joyce McGowan, Deceased, and Gaylon H. McGowan and Gloria McGowan, Individually

v.

UNIVERSITY OF SCRANTON, a Corporation of the Commonwealth of Pennsylvania, Gloria Gavin, R.N., and Tampax, Inc., a Corporation of the State of Delaware.

Appeal of Gaylon H. McGOWAN.

No. 87–5572.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Jan. 22, 1988.

Decided Feb. 1, 1988.

Anne P. McHugh, Stephan Mashel, Pellettieri, Rabstein and Altman, Trenton, N.J., for appellants.

Roger E. Podesta, Joseph P. Moodhe, Debevoise & Plimpton, New York City, Jeffrey B. Rettig, Thomas & Thomas, Harrisburg, Pa., for appellee, Tambrands Inc.

Before GIBBONS, Chief Judge, and WEIS and BECKER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

This diversity case is a wrongful death action arising out of toxic shock syndrome allegedly caused by tampons manufactured by the defendant, Tampax, Inc. In 1983, the district court granted summary judgment in favor of Tampax, Inc. on the ground that under Pennsylvania law the action was time barred. This court, relying on a Pennsylvania Superior Court decision in *Pastierik v. Duquesne Light Co.*, 341 Pa.Super. 329, 491 A.2d 841 (1985) (per curiam), reversed the summary judgment. *McGowan v. University of Scranton*, 759 F.2d 287 (3d Cir.1985). The decision on which we relied suggested that the discovery rule might be applicable to actions falling within 42 Pa.S.C.A. § 5524(2). Following our remand, the Supreme Court of Pennsylvania reversed the Superior Court decision on which we relied. *Pastierik v. Duquesne Light Co.*, 514 Pa. 517, 526 A.2d 323 (1987). The district court, applying the law announced in the later Pennsylvania case, once again granted summary judgment in favor of Tampax, Inc. This appeal followed.

The plaintiffs' sole contention is that the Pennsylvania Supreme Court decision in *Pastierik* ought to be applied prospectively only. That question is one of Pennsylvania law. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The Supreme Court of Pennsylvania in *Pastierik* did not overrule any of its prior precedents. It merely reversed what it considered to be an incorrect Superior Court interpretation of a state statute of limitations. No Pennsylvania authorities have been called to our attention suggesting that the Pennsylvania Court would ap-

ply the Superior Court's erroneous statutory interpretation to pending cases.

The judgment appealed from will, therefore, be affirmed.