## Hanson v. AC&S Inc.

206

C.P. of Dauphin County, no. 2195 S 1985.

*William D. Poland Jr.,* for plaintiffs.

*Robert B. Hoffman,* for defendants Owens-Illinois Inc., Pittsburgh Corning Corp., AC&S Inc., & Porter Hayden Co.

*Lawrence I. Gross,* for defendant US Mineral Products Co.

*Robert N. Spinelli,* for defendant Owens-Corning Fiberglas Corp.

*Robert B. Lawler,* for defendant Claims Resolution.

*Jonathan Wheeler,* for defendant Rock Wool Mfg. Co.

*John A. Turlik,* for defendant Garlock & Anchor Packing Corp.

CLARK, *J.,* October 8, 1996—Before the court is defendants' motion for summary judgment. After the presentation of oral arguments on the matter, the motion is denied.

The facts which give rise to the instant action are as follows. Throughout the time period between 1955 and 1983, plaintiff, Arthur Hanson, maintained a career as a plumber and pipefitter in the construction industry. In February of 1983, Mr. Hanson was examined by Thomas Toner M.D. and diagnosed as having cancer of the larynx. As a result thereof, his larynx and lymph glands were surgically removed shortly thereafter. In March of 1983, Mr. Hanson inquired as to the cause of his cancer. Dr. Toner advised him that the cancer was probably caused by cigarette smoking. The following April, Mr. Hanson was diagnosed with Chronic Obstructive Pulmonary Disease. He was also informed that this particular disease was caused by cigarette smoking.

During the upcoming summer months, Mr. Hanson's union was sponsoring health screenings to have its members tested for potential asbestos-related diseases. As a participant in the program, Mr. Hanson was evaluated by James Keogh M.D., on July 30, 1983, in Baltimore, Maryland. At this time, Dr. Keogh informed him that his cancer was related to his past asbestos exposure.

With this information, plaintiffs initiated the instant action by filing a complaint on July 10, 1985, to which defendants filed preliminary objections. In accordance with an order from this court, plaintiffs filed an amended complaint on April 22, 1986. On July 9, 1996, defendants filed a motion for summary judgment alleging that the statute of limitations expired, thereby barring plaintiffs from asserting their action. Oral argument on this matter was heard by the present court on September 20, 1996.

Pursuant to Pennsylvania Rule of Civil Procedure 1035(b), summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* See also, *Holmes v. Lado,* 412 Pa. Super. 218, 602 A.2d 1389 (1992), *appeal denied,* 530 Pa. 660, 609 A.2d 168 (1992). In consideration of a motion for summary judgment, the court must view the record and any inferences therefrom in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *First Wisconsin Trust Co. v. Strausser,* 439 Pa. Super. 192, 653 A.2d 688 (1995). See also, *Coleman v. Coleman,* 444 Pa. Super. 196, 663 A.2d 741 (1995), *appeal denied,* 543 Pa. 722, 673 A.2d 330 (1996); *Ducjai v. Dennis,* 540 Pa. 103, 656 A.2d 102 (1995). Summary judgment may be entered only in those cases where the right is clear and free from doubt. *Ducjai, supra.*

More specifically, "summary judgment based on the statute of limitations will be proper where a plaintiff fails to plead facts sufficient to toll the statute, or admits facts sufficient to concede the statute of limitations defense, or where the plaintiff fails in his response to show that a genuine issue of material fact exists or finally, where plaintiff's evidence is inherently unreliable." *Holmes, supra* at 224, 602 A.2d at 1392.

Under the foregoing standard, the court must first determine whether plaintiffs failed to plead facts sufficient to toll the statute of limitations. In making this determination, the "discovery rule" must be examined. According to this rule, the statute does not begin to run until the complaining party knows, or through rea-

sonable diligence should have known, of the existence of injury. *Pastierik v. Duquesne Light Co.,* 514 Pa. 517, 524, 526 A.2d 323, 327 (1987), citing *Pocono International Raceway v. Pocono Produce Inc.,* 503 Pa. 80, 468 A.2d 468 (1983). See also, *Citsay v. Reich,* 380 Pa. Super. 366, 370, 551 A.2d 1096, 1098 (1988), citing *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963). Defendants agree with the initial interpretation of this rule, however, they conversely believe that the rule does not apply if the existence of the injury and cause thereof are reasonably ascertainable within the two-year statutory period. *Baumgart v. Keene Building Products Corp.,* 430 Pa. Super. 162, 633 A.2d 1189 (1993), *affirmed by an evenly divided court,* 542 Pa. 194, 666 A.2d 238 (1995). Thus, under this theory, a plaintiff who discovers his injury two years and one day after its existence has two years from that date to file an action. On the other hand, a plaintiff who discovers his injury one year and 364 days after its existence only has one day to file an action before the statute expires.

Considering such a result, this court is not persuaded by the decision in *Baumgart* and instead finds this particular interpretation of the rule illogical. Even if the rule were adopted, it still would not affect the existing case. The facts of *Baumgart* are readily distinguishable from those at hand. In *Baumgart,* the court was presented with sufficient facts to indicate that appellant was aware of his injury and its cause within the limitation period. On the basis of these uncontroverted facts, the court granted summary judgment. In the instant case, however, there is a factual dispute as to whether Mr. Hanson was aware of the cause of his injury and its relationship with defendants' conduct prior to July 30, 1983. Therefore, the rule as interpreted by the Supreme Court in *Baumgart* does not apply to this case.

The discovery rule, as interpreted by plaintiff, is well established in Pennsylvania law. As previously stated, in creeping disease cases, the statute of limitations tolls until the complaining party knows or should have known of the existence of injury. *Pastierik, supra.* In applying this rule, it is important to examine, in detail, the "knowledge" which is required to toll the statute. Consistently, the Pennsylvania courts have adopted a three-pronged test by which to measure plaintiff's requisite state of mind. A plaintiff is considered to have "knowledge" if he is aware of: "(1) his or her injury; (2) the operative cause of his or her injury; and (3) the causative relationship between his or her injury and the operative conduct." *Holmes, supra* at 225, 602 A.2d at 1392. See also, *Citsay, supra; DeMartino v. Albert Einstein Medical Center, Northern Division,* 313 Pa. Super. 492, 460 A.2d 295 (1983); *Anthony v. Koppers Co. Inc.,* 284 Pa. Super. 81, 425 A.2d 428 (1980), *rev'd on other grounds,* 496 Pa. 119, 436 A.2d 181 (1981).

Mr. Hanson concedes to having knowledge of his injury in February of 1983, therefore the first prong has been met. However, plaintiffs contend that Mr. Hanson was not aware of the cause of his injury and the relative conduct of defendants until July 30, 1983. During his visit with Dr. Keogh on this date, Mr. Hanson was informed that his disease was caused by asbestos exposure. Up until this time, he was under the assumption that his cancer was caused by cigarette smoking. Therefore, it can be determined that Mr. Hanson did not have "knowledge" of the existence of his injury until July 30, 1983. Under this interpretation of the facts, the discovery rule may toll the statute of limitations.

Furthermore, it can be found that plaintiffs established sufficient facts to show that Mr. Hanson did not fail to exercise due diligence in ascertaining the cause of his injury. On the contrary, plaintiffs contend that he

reasonably relied upon the assertion of Dr. Toner that cigarette smoking caused his cancer. It was only a few months later, during a voluntary asbestos screening, that Mr. Hanson first learned of the link between his asbestos exposure and cancer of the larynx. Thus, a jury could find that Mr. Hanson acted with due diligence in discovering his injury.

Based on the foregoing, defendants' motion for summary judgment is denied.

In accordance with the aforementioned standard, the court has next determined that plaintiffs did not admit facts sufficient to concede the statute of limitations defense. Therefore, it must now be considered whether plaintiffs failed in their response to show the existence of a genuine issue of material fact. A review of the record indicates that plaintiffs adequately demonstrated the existence of a material fact. As previously discussed herein, plaintiffs contend that it was reasonable for Mr. Hanson to rely on the assertion made by Dr. Toner regarding the cause of his cancer. Defendants, however, believe that this reliance was not reasonable and Mr. Hanson failed to exercise due diligence in ascertaining the correct cause of his injury.

Since the aspects surrounding the knowledge of Mr. Hanson are in dispute and material to the case, summary judgment shall be denied on the foregoing basis.

Finally, plaintiffs' evidence has not been challenged as unreliable. As such, summary judgment cannot be granted on this ground.

Accordingly, the following is entered:

## ORDER

And now, October 8, 1996, in connection with the opinion attached herewith, defendants' motion for summary judgment is denied.