

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2008

# Bartow v. Cambridge Springs

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bartow v. Cambridge Springs" (2008). *2008 Decisions.* Paper 859.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/859

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1783
_____

GLYNS BARTOW, personally and as
administratrix for the Estate of, NANCY MOORE

v.

CAMBRIDGE SPRINGS SCI; RANDY EDWARDS;
JOHN DOE, 1; JOHN DOE, II; JOHN DOE, III

Glyns Bartow,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 06-cv-00102)
District Judge: Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2008

Before: AMBRO, CHAGARES, and COWEN, Circuit Judges.

_____

(Filed: July 10, 2008)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Glyns Bartow, on behalf of herself and her deceased mother, appeals the District Court's dismissal of her claims. Bartow had asserted, *inter alia*, that defendant Dr. Randy Edwards violated her mother's Eighth Amendment rights and engaged in negligent medical care, resulting in her mother's death. As the applicable statute of limitations bars Bartow's federal claim, and as she leaves unchallenged the Court's decision not to exercise supplemental jurisdiction over her state law negligence claim, we will affirm the judgment of the District Court.

I.

Glyns Bartow, personally and as Administratrix for the Estate of her deceased mother, Nancy Moore, brought various claims stemming from her mother's death. Moore was incarcerated at the State Correctional Institute at Cambridge Springs, Pennsylvania immediately prior to her death. She suffered from swelling of her face, neck, and lower extremities and moved back and forth between the prison infirmary and the nearby Meadville Medical Center. She was eventually ordered back to the prison infirmary, where she was given an overdose of medication, from which she died on January 15, 2004. On May 5, 2004, the coroner informed Bartow that Moore's death resulted from an overdose of drugs she received at the prison infirmary. Bartow instituted this suit on May 3, 2006.

Of relevance to this appeal, Bartow brought an Eight Amendment claim against

Moore's treating physician (Dr. Edwards), in addition to a state law claim of medical negligence against Dr. Edwards.[1] The District Court dismissed the Eighth Amendment claim against Dr. Edwards as barred by the applicable two-year statute of limitations. Having dismissed the federal causes of action, the Court also declined to exercise supplemental jurisdiction over the state law negligence claim against Dr. Edwards.

II.

We exercise plenary review over a District Court's dismissal of a claim on statute of limitations grounds. Gibson v. Superintendent of N.J., 411 F.3d 427, 432-433 (3d Cir. 2005). Accordingly, we will affirm if, "accepting all well-pled allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007) (quoting Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003)). While facts must be accepted as alleged, "this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions." General Motors Corp. v. New A.C. Chevrolet, Inc., 263 F.3d 296, 333 (3d Cir. 2001).

---

[1] Bartow also brought claims against the correctional facility and various "John Doe Defendants" who Bartow believed conspired to withhold information regarding Moore's death to prevent her (Bartow) from pursuing legal action. Bartow v. Cambridge Springs SCI, No. 06-102, 2007 WL 543060, at *6 (W.D. Pa. Feb. 16, 2007). The District Court dismissed the claims against the facility based on Eleventh Amendment immunity and dismissed the claims against the John Doe Defendants based on lack of proper service of process. Bartow does not contest these judgments by the District Court and so we do not address them on appeal.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

III.

As the Supreme Court has explained, the statute of limitations for a claim under 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts. City of Rancho Palos Verdes, CA v. Abrams, 544 U.S. 113, 123 n.5 (2005); see also Gibson, 411 F.3d at 435. In Pennsylvania, the limitations period for a personal-injury tort claim resulting in death is two years. 42 Pa.C.S.A. § 5524(2). This period begins to run from the decedent's date of death, and generally is not tolled based on the degree of knowledge a plaintiff possessed concerning the decedent's cause of death. See Pastierik v. Duquesne Light Company, 526 A.2d 323, 325-26 (Pa. 1987). While courts have been somewhat willing to mitigate the potential harshness of this rule in extreme cases, such as where plaintiff develops a latent disease, this is not such a case. Cf. Debiec v. Cabot Corp., 352 F.3d 117, 129 (3d Cir. 2003). Moreover, while Bartow attempts to avoid the statute of limitations by invoking the doctrine of fraudulent concealment, Bartow's Amended Complaint "conspicuously fails to allege that Defendant Edwards personally, or in concert with any other Defendant, concealed anything from Plaintiff in an affirmative attempt to induce her to delay the filing of this case beyond the applicable statute of limitations." Bartow, 2007 WL 543060, at *6.

Accordingly, as Bartow instituted this action more nearly four months beyond the

4

expiration of the two-year statute of limitations, the District Court properly dismissed her

claims, and we will affirm.