**[J-10A&B-2017][M.O. – Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| ROBERT DUBOSE, ADMINISTRATOR OF THE ESTATE OF ELISE DUBOSE, DECEASED | : | No. 21 EAP 2016 |
| | : | |
| | : | Appeal from the judgment of Superior |
| | : | Court entered 10/23/15 at No. 2752 |
| v. | : | EDA 2013 (reargument denied |
| | : | 12/23/15) affirming the judgment |
| MARK QUINLAN, DONNA BROWN, RNC, | : | entered 8/21/13 in the Court of |
| BSN, ALBERT EINSTEIN MEDICAL | : | Common Pleas, Philadelphia County, |
| CENTER D/B/A WILLOWCREST, | : | Civil Division, at No. 0846, September |
| WILLOWCREST AND JEFFERSON | : | Term 2009 |
| HEALTH SYSTEM | : | |
| | : | |
| APPEAL OF: WILLOWCREST NURSING | : | |
| HOME, ALBERT EINSTEIN | : | |
| HEALTHCARE NETWORK, ALBERT | : | |
| EINSTEIN MEDICAL CENTER D/B/A | : | |
| WILLOWCREST AND WILLOWCREST | : | ARGUED: March 7, 2017 |


| | | |
|---|---|---|
| ROBERT DUBOSE, ADMINISTRATOR OF THE ESTATE OF ELISE DUBOSE, DECEASED, | : | No. 22 EAP 2016 |
| | : | |
| | : | Appeal from the judgment of Superior |
| | : | Court entered 10/23/15 at No. 2753 |
| Appellee | : | EDA 2013 (reargument denied |
| | : | 12/23/15) affirming the judgment |
| v. | : | entered 8/21/13 in the Court of |
| | : | Common Pleas, Philadelphia County, |
| WILLOWCREST NURSING HOME, AND | : | Civil Division, at No. 1603, August Term |
| ALBERT EINSTEIN HEALTHCARE | : | 2009 |
| NETWORK, | : | |
| | : | |
| Appellants | : | ARGUED: March 7, 2017 |


*DISSENTING OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED: November 22, 2017**

I respectfully dissent. From my point of view, Section 513(d) of the MCARE Act does not reflect an intention, on the part of the General Assembly, to fundamentally alter the nature and accrual of the survival cause of action. Rather, I believe that the Legislature designed, far more modestly, to simply codify the existing judicial treatment concerning the outside limits for filing a survival action. My reasoning follows.

As the majority explains, prior to the enactment of Section 513(d), this Court had determined that the discovery rule does not apply to extend the accrual of a survival cause of action past the date of death. *See Pastierik v. Duquesne Light Co.*, 514 Pa. 517, 524-25, 526 A.2d 323, 327 (1987). As I read *Pastierik*, the Court also reasoned that a dynamic of the applicable statute of limitations served, essentially, as a statute of repose keyed to a "definitely established event" -- namely, death -- as opposed to consistently embodying the ordinary concept of accrual upon injury and inquiry notice. *Id.* at 522, 526 A.2d at 326 (quoting *Anthony v. Koppers Co.*, 496 Pa. 119, 124-25, 436 A.2d 181, 184-85 (1981) (plurality)).

Significantly, the issue of fraudulent concealment was not before the Court in *Pastierik*, and, therefore, despite some broad language, *see, e.g., id.* at 327, 436 A.2d at 524 ("In no case . . . can [the date of accrual] be later than the date of death[.]"), the issue of whether such concealment might operate to toll the limitations period remained an open one. *See generally Morrison Informatics, Inc. v. Members 1st FCU*, 635 Pa. 636, 647, 139 A.3d 1241, 1247 (2016) ("[T]he holdings of judicial decisions are to be read against their facts[.]" (citing *Oliver v. City of Pittsburgh*, 608 Pa. 386, 395, 11 A.3d 960, 966 (2011))). The Superior Court, however, has treated fraudulent concealment as an available exception after *Pastierik*. *See, e.g., Kaskie v. Wright*, 403 Pa. Super. 334,

337-38, 589 A.2d 213, 215 (1991); *see also Krapf v. St. Luke's Hosp.*, 4 A.3d 642, 650 (Pa. Super. 2010).

Thus, and read according to its plain terms, Section 513(d) does nothing more than codify aspects of the decisional law pertaining to the outside limits of accrual and tolling relative to survival actions. Along these lines, I find that Section 513(d) hybridizes aspects of statutes of limitations and repose in exactly the same manner as had the case law.[1] To the degree that reasoning backwards from labels (as opposed to forward from the explicit statutory direction) is appropriate, it is quite significant, to me at least, that the Legislature explicitly attached the term of art "Statute of repose" to Section 513(d). 40 P.S. §1303.513 (heading).

As observed by other courts, "the terms 'statute of repose' and 'statute of limitations' have long been two of the most confusing and interchangeably used terms in the law." *Landis v. Physicians Ins. Co. of Wisconsin,* 628 N.W.2d 893, 907 n.16 (Wis. 2001) (citing Francis E. McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose*, 30 AM. U.L. REV. 579, 582–87, 621 (1981)). Particularly in such a context, I believe the Court should attribute material significance to a specific legislative designation, especially one employing a clarifying term of art. Additionally, I find no evidence to support the majority's assertion that Section 513(d) "stands

---

[1] The majority relies on the statute's provision for tolling in the event of fraudulent concealment in support of its conclusion that Section 513(d) should be deemed a statute of limitations. However, there are other statutes of repose affording latitude in the face of wrongful conduct. *See, e.g.*, General Aviation Revitalization Act of 1994, 49 U.S.C.A. §40101, Note, *as discussed in Pridgen v. Parker Hannifin Corp.*, 974 A.2d 1166, 1168 n.3 (Pa. Super. 2009). In the medical malpractice context, for example, North Dakota has a statute of repose that has similar tolling considerations for fraud and concealment. *See* N.D. CENT. CODE ANN. §28-01-18(3). Again, in the context of two limitations-based vehicles with overlapping purposes and mechanics, it is not surprising to me that there are instances in which they may be hybridized.

separately" from the rest of the statute of which it is a component. Majority Opinion, *slip op.* at 22.

Notably, as well, the majority's recharacterization of Section 513(d) results in substantial disharmony, including displacement of the applicable common law principles of accrual, as well as discord with the otherwise applicable statute of limitations. *See* Majority Opinion, *slip op.* at 21-23. In terms of accrual, under the common law a survival action is not a new cause of action at all but is a continuation of one which already accrued to the decedent prior to his death. *See Pastierik*, 514 Pa. at 523, 526 A.2d at 326 (quoting *Anthony*, 496 Pa. at 125, 436 A.2d at 185). Per the majority opinion, however, peculiar to the medical professional liability context, the action now only arises upon death and, therefore, can no longer be said to have previously belonged to the decedent. As to the displacement of the governing statute of limitations, I find the majority's approach to be inconsistent with the principles of statutory construction counseling that statutes pertaining to the same subject matter are to be construed together if possible. *See* 1 Pa.C.S. §1932.

The majority also draws support from the Superior Court's previous determination in *Matharu v. Muir*, 86 A.3d 250 (Pa. Super. 2014) (*en banc*), that Section 513(d) is a statute of limitations, and the fact that the Legislature has not acted to prescribe differently after *Matharu*. *See* Majority Opinion, *slip op.* at 23-24. The applicable principle of statutory construction, however, pertains to construction by a court of last resort in circumstances where the Legislature has enacted *subsequent* statutes concerning the same subject. *See* 1 Pa.C.S. §1922(4). Accordingly, it would seem to have no application here.[2]

---

[2] Moreover, as Appellants explain, *Matharu*'s reasoning rests, in part, on the incorrect premise that the statute of limitations in Section 5524(2) of the Judicial Code and the prescription of Section 513(d) of the MCARE Act are entirely coterminous. *Compare* (continued…)

In summary, the pivotal question in this case is whether, in enacting a section of reform legislation pertaining to "repose," the Legislature resolved to fundamentally alter the concept of accrual, thus overriding the otherwise applicable statute of limitations and effectively extending various actions. In my view, Section 513(d) manifests no such intent.

---

(…continued)
*Matharu*, 86 A.3d at 263 ("[T]he statute of limitations set forth in subsection [513(d)] is the exact same statute of limitations that was already applicable[.]"), *with Pastierik*, 514 Pa. at 523, 526 A.2d at 326 (explaining that the statute of limitations pertaining to survival actions encompassed a concept of accrual upon injury and inquiry notice, which is not reflected on the face of Section 513(d)); *see also* Brief for Appellants at 30 (observing that *Matharu* "overlooked the fact that, under 42 Pa.C.S. §5524(2) and §5502(a), survival actions actually accrue on the date of the decedent's injury, which may occur before death").