**[J-10A-2017 and J-10B-2017] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| ROBERT DUBOSE, ADMINISTRATOR OF THE ESTATE OF ELISE DUBOSE, DECEASED | : | No. 21 EAP 2016 |
| | : | |
| | : | Appeal from the judgment of Superior |
| | : | Court entered 10/23/2015 at No. 2752 |
| | : | EDA 2013 (reargument denied |
| v. | : | 12/23/2015) affirming the judgment |
| | : | entered August 21, 2013, in the Court of |
| | : | Common Pleas, Philadelphia County, |
| | : | Civil Division,  at No. 0846, September |
| MARK  QUINLAN, DONNA BROWN, RNC, BSN, ALBERT EINSTEIN MEDICAL CENTER D/B/A WILLOWCREST, WILLOWCREST AND JEFFERSON HEALTH SYSTEM | : | Term 2009. |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: WILLOWCREST NURSING HOME, ALBERT EINSTEIN HEALTHCARE NETWORK, ALBERT EINSTEIN MEDICAL CENTER D/B/A WILLOWCREST AND WILLOWCREST | : | |
| | : | |
| | : | |
| | : | |
| | : | ARGUED:  March 7, 2017 |
| ROBERT DUBOSE, ADMINISTRATOR OF THE ESTATE OF ELISE DUBOSE, DECEASED, | : | No. 22 EAP 2016 |
| | : | |
| | : | Appeal from the judgment of the |
| | : | Superior Court entered 10/23/2015 at |
| Appellee | : | No. 2753 EDA 2013 (reargument denied |
| | : | 12/23/2015) affirming the judgment |
| | : | entered August 21, 2013, in the Court of |
| v. | : | Common Pleas, Philadelphia County, |
| | : | Civil Division,  at No. 1603 August |
| | : | Term, 2009. |
| WILLOWCREST NURSING HOME, AND ALBERT EINSTEIN HEALTHCARE NETWORK, | : | |
| | : | |
| | : | |
| | : | |
| Appellants | : | ARGUED:  March 7, 2017 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE BAER**                                              **DECIDED:  November 22, 2017**

I respectfully but vigorously dissent from the majority's radical departure from this Commonwealth's well-established jurisprudence providing that the statute of limitations for a medical professional negligence action commences when the cause of action accrued (*i.e.*, when the plaintiff was injured by the professional negligence). According to the majority, where such an action is pursued by the deceased plaintiff's personal representative, the statute of limitations is extended, potentially for several years, until two years after the plaintiff's death, thereby granting the personal representative far more rights than the plaintiff would have possessed while alive. Consistent with Chief Justice Saylor's dissenting opinion, I find no support for this proposition in Section 513(d) of the Medical Care Availability and Reduction of Error Act ("MCARE Act"), 40 P.S. § 1303.513(d). In my view, the majority's strained interpretation of Section 513(d) flies in the face of this Court's settled case law regarding the nature of a survival action and is contrary to both the purpose behind the MCARE Act and the express legislative designation of Section 513 as a statute of repose.

Notwithstanding my strong opposition to the majority's interpretation of Section 513(d), I agree with the majority that the present action was filed timely based on the trial court's alternative holding that the statute of limitations was tolled by the discovery rule until the decedent's death. Accordingly, I would affirm the Superior Court's decision, finding the action timely, on this alternative basis.

As the majority acknowledges, Section 513 of the MCARE Act, 40 P.S. § 1303.513, entitled "Statute of repose," provides, in relevant part:

> (a) GENERAL RULE.-- Except as provided in subsection (b) [relating to injuries caused by a foreign object left in the body] or (c) [relating to injuries of minors], no cause of action asserting a medical professional liability claim may be commenced after seven years from the date of the alleged tort or breach of contract.
>
> *            *            *

> (d) DEATH OR SURVIVAL ACTIONS.-- If the claim is brought under 42 Pa.C.S. § 8301 (relating to [a wrongful] death action) or 8302 (relating to survival action), the action must be commenced within two years after the death in the absence of affirmative misrepresentation or fraudulent concealment of the cause of death.

40 P.S. § 1303.513.

Consistent with the General Assembly's express designation of Section 513 as a statute of repose, the majority holds that subsection (a) is a statute of repose that precludes medical professional liability causes of action from being commenced more than seven years after the alleged tort, with exceptions not applicable here. *See* Majority Opinion at 21, 22 (providing that "Section 513(a) sets forth a seven-year statute of repose for medical professional liability claims;" "Section 513(a) bars the plaintiff's ability to sue regardless of whether the cause of action accrued, whether the injury occurred, or whether it was discovered."). In construing the meaning of subsection (d), however, the majority divorces that provision from its legislative designation as a statute of repose. Moreover, notwithstanding that the statutory text does not reference "accrual" or "statute of limitations," the majority interprets Section 513(d) as a statute of limitations that alters profoundly the traditional time of accrual of a surviving professional medical liability claim. I find this interpretation untenable.

Critical to determining the import of Section 513(d) is an understanding of the nature of a "survival action." The Survival Act provides that "all causes of action or proceedings, real or personal, shall survive the death of the plaintiff. . . ." 42 Pa.C.S. § 8302. As acknowledged by the majority, this Court has consistently held that the survival statute does not create a new independent cause of action, but merely permits a personal representative to enforce a cause of action that has already accrued to the plaintiff before death. *Pastierik v. Duquesne Light Co.*, 526 A.2d 323, 326 (Pa. 1987); *Anthony v. Koppers Co.*, 436 A.2d 181, 185 (Pa. 1981) (plurality); *Pezzulli v.*

*D'Ambrosia*, 26 A.2d 659, 661 (Pa. 1942). Thus, a personal representative pursuing the tort action of a deceased plaintiff is bound by the two-year statute of limitations for personal injury actions, 42 Pa.C.S. § 5524(2), which, by legislative mandate, commences "from the time the cause of action accrued." 42 Pa.C.S. § 5502(a).

This Court has definitively declared when accrual occurs. We have held that because a surviving tort action brought by the personal representative of a deceased plaintiff is based upon the deceased plaintiff's injuries, the cause of action accrues (and the statute of limitations begins to run) when the plaintiff reasonably should have discovered his or her injuries; if the plaintiff could not have reasonably discovered the injuries while alive, the cause of action accrues, at the latest, at the time of plaintiff's death. *Pastierik*, 526 A.2d at 326; *Anthony*, 436 A.2d at 183. Naturally, the personal representative's claim mirrors the claim that the plaintiff would have pursued if alive, no more and no less.

In one fell swoop, the majority has eradicated this jurisprudence and holds that, pursuant to Section 513(d) of the MCARE Act (entitled "Statute of repose"), the statute of limitations for a medical professional liability claim brought by the deceased plaintiff's personal representative is no longer tied to when the plaintiff's cause of action accrued and no longer begins to run at the time the plaintiff reasonably should have discovered the alleged injury, but, instead begins to run at the time of plaintiff's death. The application of this holding to a fact pattern disparate from the one presented herein illustrates its absurdity. Assume that a physician negligently failed to diagnose a patient's cancer in 2010. Assume further that later in that same year, the patient became aware of the cancer and the physician's failure to diagnose the condition. It appears undisputed that under 42 Pa.C.S. § 5524(2), the patient's statute of limitations for this personal injury action would expire in 2012, two years after the injury was

discovered and the professional medical liability cause of action accrued. Under the majority's labored construction, however, if patient dies of the same cancer in 2015, the patient's cause of action that expired in 2012 is miraculously resurrected and, remarkably, the patient's personal representative has until 2017, *i.e.*, two years from patient's death, to commence the action.[1] Thus, the majority's interpretation of Section 513(d), contained within a statute of repose, through nothing short of sleight of hand, extends the statute of limitations from two to seven years, granting to the personal representative an independent cause of action that the deceased plaintiff could not have pursued personally in his own right had he remained alive.

By any stretch of the imagination, this could not be what the General Assembly intended when it enacted Section 513(d) of the MCARE Act. There is no language in Section 513(d) suggesting that the General Assembly intended to alter fundamentally the existing substantive law by creating an independent cause of action of the plaintiff's personal representative, which is unmoored to the plaintiff's injuries and is, instead, tethered only to the time of the plaintiff's death. The majority, in essence, has taken a legislative restriction on the filing of a cause of action, as demonstrated by the General Assembly's designation of the provision as a statute of repose, and, as revealed by the posed hypothetical, transformed it into an expansion of the time for filing the cause action by potentially more than threefold. The majority accomplished this task by interpreting language in the MCARE Act, which was enacted in response to perceived spiraling costs of medical malpractice claims. *Pa. Med. Soc'y v. Dep't of Pub. Welfare*, 39 A.3d 267, 271 (Pa. 2012); *see also* 40 P.S. § 1303.102(1) & (3) (providing that the

---

[1] We note that the personal representative's action commenced in 2017 was filed within Section 513(a)'s seven-year statute of repose, which the majority recognizes as the only valid statute of repose set forth in Section 513.

purpose of the MCARE Act is to ensure that high quality health care is available in this Commonwealth and that medical professional liability insurance is obtainable at an affordable and reasonable cost). [2]   I cannot join this undisciplined judicial expansion of the law.

Considering, as we must, the language of subsection (d) in the context in which it appears in Section 513 ("Statute of repose") and in connection with the statutory scheme of the MCARE Act as a whole, it becomes clear that Section 513(d)'s language that the surviving medical professional liability claim "must be commenced within two years after the death" merely codifies existing law.  *See* Saylor, J., dissenting, at 3 (opining that "Section 513(d) does nothing more than codify aspects of the decisional law pertaining to the outside limits of accrual and tolling relative to survival actions"). Section 513(d) reiterates the long-established link between the plaintiff's cause of action and the personal representative's cause of action as it applies to the statute of repose, such that the personal representative's time constraints are commensurate with those of the plaintiff.  Had the Legislature intended to lengthen significantly the time period in which surviving medical professional liability claims could be filed and thereby effectuate the dramatic transformation of the law that the majority purports, it would have done so expressly, and it would not have done so within a statute of repose.

Notwithstanding my fundamental disagreement with the majority's interpretation of Section 513(d), I agree that, in this case, the action was filed timely.  As noted, I rely upon the trial court's alternative holding that the statute of limitations was tolled by the discovery rule until the decedent's death, given the ongoing and cumulative nature of

---

[2] The majority's interpretation of Section 513(d) also creates an unnecessary distinction between the accrual of different types of survival claims, whereby survival claims based upon professional medical negligence accrue at the time of death, while other survival claims, such as those alleging a defective product, accrue at the time of injury.

the decedent's disabling injuries which ultimately resulted in her death.  *See* Trial Court Opinion, June 27, 2014, at 11-12 (holding that, '[a]lternatively, [Appellee] would have two years under the discovery rule to bring a survival action for pain and suffering, especially where the decedent was comatose").

In summary, I would interpret Section 513(d) as a statute of repose, setting forth the maximum allotted time in which a personal representative of a deceased plaintiff may file a medical professional liability claim, *i.e.*, within two years from death.  As the two-year statute of limitations began to run when the decedent reasonably should have discovered her injuries and the record supports the trial court's conclusion that the decedent's condition rendered her unable to discover her injuries while alive, the decedent's personal representative had two years from the date of her death to file the instant action.  Having filed the action within such two-year period, I agree with the majority's mandate to affirm the lower court's determination that decedent's survival action was filed timely.